Catalina JIMENEZ CASTILLO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 10–73635.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2012.*

Filed July 23, 2012.

Catalina Jimenez Castillo, Los Angeles, CA, pro se.

Lance Lomond Jolley, Esquire, Trial, David V. Bernal, Assistant Director, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Catalina Jimenez Castillo, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for cancellation of removal, and declining to reinstate her voluntary departure period. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continu-

ous physical presence finding. *Landin–Zavala v. Gonzales,* 488 F.3d 1150, 1151 (9th Cir.2007). We deny in part and grant in part the petition for review, and remand for further proceedings.

Substantial evidence supports the BIA's determination that Jimenez Castillo failed to establish the requisite continuous physical presence for cancellation of removal where her testimony conflicted with the affidavits she submitted regarding presence. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1).

As the government acknowledges, the record contains evidence that Jimenez Castillo timely filed proof of posting her voluntary departure bond. *See* 8 C.F.R. § 1240.26(c)(3)(ii). We therefore remand to the BIA to determine Jimenez Castillo's eligibility for reinstatement of voluntary departure.

Jimenez Castillo's remaining contentions are unavailing.

The parties will bear their own costs for this petition to review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.